UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KEVIN ASHBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN MONTES ALMODOVAR,<br><br>　　　　Defendant. | Civil No. 07-4595 (DWF/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this case be transferred to the United States District Court for the District of Puerto Rico.

**I. BACKGROUND**

Plaintiff alleges that he was injured in a car accident that occurred in Puerto Rico on November 16, 2006. The accident allegedly was caused by the negligence of Defendant Benjamin Montes Almodovar. According to the complaint, Defendant "carelessly and negligently operated a motor vehicle" that collided with a motor vehicle operated by Plaintiff.

Plaintiff claims that he sustained physical, mental, and financial injuries as a result of the accident described in his complaint. He is seeking a judgment for damages "in an amount to be determined by trial."

The complaint indicates that Plaintiff is a resident of Minnesota, and Defendant is

a resident of Puerto Rico. There are no allegations suggesting that Defendant has ever been to Minnesota, or that he has any contacts with the State of Minnesota. In addition, it clearly appears that the events on which this action is based occurred in Puerto Rico. It is therefore necessary and appropriate for the Court to consider whether there is any proper basis for exercising personal jurisdiction over Defendant here in the District of Minnesota.

**II. DISCUSSION**

A two-step analysis is used to determine whether a court can properly exercise personal jurisdiction over a defendant. Northrup King v. Compania Productora Semillas, 51 F.3d 1383, 1387 (8th Cir. 1995). First, the court must consider whether personal jurisdiction can properly be exercised under the state law of the forum state; more specifically, whether jurisdiction exists under the state's "long-arm statute." Id. "Second, the court's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." Id. "Minnesota [state] courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied." Id. The dispositive issue, therefore, is whether this Court can exercise personal jurisdiction over the named Defendant without violating the protections afforded by the due process clause.

"Due process allows a court to exercise personal jurisdiction over a non-resident defendant only if doing so is consistent with traditional notions of fair play and substantial justice." Id., citing International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The plaintiff must demonstrate that the non-resident defendant has had sufficient contacts with the forum state such that the defendant "'should reasonably anticipate being haled into court there.'" Northrup King, 51 F.3d at 1387, citing World-Wide Volkswagen Corp. v.

Woodson, 444 U.S. 286, 291, 297 (1980).

In this case, the complaint does not describe any contact or connection of any kind between Defendant and the State of Minnesota. Therefore, the Court can find no proper basis for exercising personal jurisdiction over the only named Defendant in this action.

When an IFP applicant's complaint does not include any allegations supporting personal jurisdiction, the court may properly conclude, sua sponte, that the action should be summarily dismissed. Sanders v. United States, 760 F.2d 869, 871-72 (8th Cir. 1985); see also, Martin-Trigona v. Smith, 712 F.2d 1421, 1424 (D.C.Cir. 1983). In the alternative, the Court may find that the action should be transferred to a district where personal jurisdiction might exist, pursuant to 28 U.S.C. § 1631.

Section 1631 provides that "[w]henever a civil action is filed in a court... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action... to any other such court in which the action... could have been brought at the time it was filed." A transfer under § 1631, rather than dismissal, is appropriate "when a plaintiff in good faith filed in the wrong court and the statute of limitations would have run before he could refile properly." Gunn v. United States Dep't of Agriculture, 118 F.3d 1233, 1240 (8th Cir. 1997), cert. denied, 522 U.S. 1111 (1998), citing In re Apex Oil Co., 884 F.2d 343, 346 (8th Cir. 1989); Hempstead County and Nevada County Project v. United States E.P.A., 700 F.2d 459, 463 (8th Cir. 1983). Thus, in order to determine whether the "interests of justice" require that a case be transferred, rather than dismissed, a court must consider whether dismissal of the action will affect the plaintiff's vulnerability to a statute of limitations defense. If the plaintiff can still refile his action in a proper court before the statute of limitations expires, then a transfer pursuant to § 1631 is unnecessary, and the case can simply be dismissed. Gunn, 118 F.3d at 1240 (transfer

pursuant to § 1631 not required where Plaintiff could still bring a timely action in a proper court); cf. Gray v. Lewis & Clark Expeditions, Inc., 12 F. Supp.2d 993, 999 (D.Neb. 1998) (case transferred to court that could exercise personal jurisdiction where it appeared that the statute of limitations expired shortly after the case was filed in the transferor court).

In this case, Plaintiff's claims are based on events that allegedly occurred on November 16, 2006.  This action was filed in this Court on November 13, 2007.  It appears that the Puerto Rico statute of limitations for personal injuries caused by negligence is one year.  See Santiago-Padilla v. Budget Rent-A-Car Caribbean Corp., No. CIV. 06-1573 (JAF), (D. Puerto Rico 2007), 2007 WL 188588 at *2  ("[t]he Puerto Rico statute of limitations for personal injury actions is one year"), citing 31 L.P.R.A. § 5298(2) (2006); Munoz Rivera v. Walgreens Co., 428 F.Supp.2d 11, 33 (D. Puerto Rico 2006) ("Article 1868(2) of the Puerto Rico Civil Code establishes a one-year limitations period for actions arising from fault or negligence, 'from the moment the aggrieved person has the knowledge of the injury'"), citing P.R. Laws Ann. Tit. 31 § 5298(2).  Therefore, it appears that this action was timely when it was commenced in this District.  However, it further appears that the claims Plaintiff is attempting to bring in this action might be time-barred if he is forced to start a new action in Puerto Rico.  Thus, the Court concludes that it would be preferable to transfer this case to the District Court in which it apparently should have been brought, i.e., the United States District Court for the District of Puerto Rico, pursuant to § 1631.  See Gray, supra; North American Financial Corp. v. Amgrar Gesellschaft fur Farmlagen, mbH, 702 F.Supp. 1435, 1439 (D.Minn. 1989).

## III.  CONCLUSION

For the reasons discussed above, the Court will recommend that this action be transferred to the United States District Court for the District of Puerto Rico. Plaintiff's pending IFP application will not be addressed at this time so that the transferee court can determine whether Plaintiff should be allowed to proceed IFP in this matter.

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

The Clerk of Court should be directed to transfer this action to the United States District Court for the District of Puerto Rico.

Dated: November 20, 2007

       s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 5, 2007** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.